**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ERIC R. KELLER,  : | Civil No.: 09-4593 (JBS) |
| Petitioner,  : |  |
| v.  : | **O P I N I O N** |
| M.P. HEFFRON, WARDEN, et al., : |  |
| Respondents.  : |  |

**APPEARANCES:**

    ERIC R. KELLER, Petitioner Pro Se
    #61091-066
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640

**SIMANDLE**, District Judge

On or about September 8, 2009, petitioner, Eric R. Keller ("Keller"), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he challenges the Bureau of Prisons' ("BOP") determination regarding placement in a residential reentry center ("RRC"). Keller filed an amended Petition on November 19, 2009, as well as a motion to supplement his petition on November 24, 2009. On January 4, 2010, an Order was entered directing respondents to answer the petition within thirty (30) days. (Docket entry no. 8). On January 19, 2010, Keller filed an ex parte motion for appointment of counsel and for a temporary restraining order ("TRO") and injunction to prevent the respondents from transferring him from FCI Fort Dix

where Keller is presently confined. (Docket Entry No. 11). These motions are being decided pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, both applications are denied without prejudice.

## I. BACKGROUND

Keller states that he was granted pauper status in this habeas action and is therefore unable to afford counsel to represent him. He further contends that his case demonstrates merit in fact and in law, because this Court screened the petition and determined that an answer and record was warranted. Keller also argues that the issues in his case are complex and his case requires factual investigation beyond his capacity as a confined inmate without access to free telephone use and internet access.

Keller complains that there is a very limited law library with no on-line access to legal materials at the satellite camp where he is confined. His case also might need expert testimony. Keller lacks legal training and knowledge of the law to adequately prepare his case and understand the discovery rules. He also states that his ability to represent himself has been compromised by respondents' denial of his ADHD medication.

In support of his motion for a TRO/injunction, Keller states that "it appears that the BOP is attempting to remove inmate Dorsey, a plaintiff in a separate habeas action before this

Court."  Keller also alleges that the "BOP recently made a similar but unsuccessful attempt to relocate inmate Martin Armstrong, who is also before Courts on several matters."  Keller makes no specific allegations about any BOP actions pertaining to him regarding a transfer to another facility.

## DISCUSSION

A.  <u>Motion for Temporary Restraining Order ("TRO")</u>

To secure the extraordinary relief of a preliminary injunction or TRO, petitioner must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." <u>Maldonado v. Houston</u>, 157 F.3d 179, 184 (3d Cir. 1998), <u>cert. denied</u>, 526 U.S. 1130 (1999)(as to a preliminary injunction); <u>see also</u> <u>Ballas v. Tedesco</u>, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order).  A petitioner must establish that all four factors favor preliminary relief.  <u>Opticians Ass'n of America v. Independent Opticians of America</u>, 920 F.2d 187 (3d Cir. 1990). The standards for a permanent injunction are essentially the same as for a preliminary injunction, except that the petitioner must show actual success on the merits, not a likelihood of success, to obtain a permanent injunction.  <u>See</u> <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 392 (1981).

3

Here, Keller's request for a TRO must be denied at this time because he has failed to demonstrate any of the four factors necessary for such an extraordinary remedy. On the merits of his efforts to avoid transfer he would have an uphill battle, since the constitution confers no liberty interest in a prisoner's particular place of confinement. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Most significantly, however, this Court finds that Keller has not shown any irreparable harm. There is no indication that respondents intend to transfer petitioner. Keller alleges no facts that any action of any kind has been taken to remove petitioner from FCI Fort Dix where he is presently confined. Even if he were to be transferred, this Court would not lose jurisdiction over his present case under 28 U.S.C. § 2241, in accordance with Supreme Court precedent. Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004). Therefore, this motion will be denied without prejudice.

B. Appointment of Counsel

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or

constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings").

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. See Biggins v. Snyder, Civ. No. 99-188, 2001 WL 125337, at * 3 (D.Del. Feb. 8, 2001)(citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted).  Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. See Biggins, 2001 WL 125337, at *3 (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted).  "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has

---

[1] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

5

'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Biggins, 2001 WL 125337, at *3 (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, Civ. No. 91-3258, 1992 WL 184358, at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case").

Here, the Court must first determine if Keller states non-frivolous, meritorious claims.  In his petition, Keller challenges the BOP's determination regarding his RRC placement, claiming that the BOP's decision violates the Second Chance Act. He relies on Strong v. Schultz, 599 F. Supp.2d 556 (D.N.J. 2009), which had granted the petitioner in that case relief on a similar claim.  Consequently, from the face of the petition, Keller's contentions do not appear to be frivolous, and may or may not have merit.

Next, the Court must examine whether the appointment of counsel will benefit the Court and the petitioner.  This case seems to be fairly "straightforward and capable of resolution on the record."  See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir.1990)).  Keller has shown his capability to proceed pro se by filing several applications to

this Court, including briefs, supplements, and motions, which are articulate, well-reasoned, and evidence a competent understanding of the relevant legal issues.  Also, because he is convicted, Keller has access to the prison law library, even if limited and not "adequate," according to his standards, and a limited ability to investigate the law.  See Jones v. Kearney, Civ. No. 99-834, 2000 WL 1876433, at *2 (D.Del. Dec. 15, 2000)(wherein the court reviewed a similar record and held "these actions show that [petitioner] is capable of prosecuting his case without the assistance of counsel").  Additionally, Keller's claims are not complex and are capable of resolution on the record.

Therefore, at this early point in the proceedings, the Court will deny Keller's motion to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court.

## CONCLUSION

Therefore, for the reasons set forth above, Plaintiff's motions for appointment of counsel and for a TRO/injunctive relief will be DENIED at this time.  An appropriate Order accompanies this Opinion.


                                    s/ Jerome B. Simandle
                                    JEROME B. SIMANDLE
                                    United States District Judge


Dated:  **January 28, 2010**

7